**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Western Watersheds Project, | No. CV-19-00569-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Scott Cooke, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Western Watershed Project's Motion for Attorney Fees (Doc. 20) and Motion to Amend/Correct (Doc. 21.) Defendants responded (Doc. 22) and Plaintiff replied (Doc. 23.) For the following reasons, the Motion to Amend/Correct will be granted and the Motion for Attorney Fees will be denied

The Complaint challenged the Bureau of Land Management's ("BLM") 2018 transfer of a grazing preference and permit for the Badger Den allotment and alleged violations of the National Environmental Policy Act, the Administrative Procedures Act, the Federal Land Policy Management Act, and BLM regulations. (Doc. 1.) Following multiple extensions of time for Defendant to respond, and before Defendants filed a Response, the parties filed a Stipulation of Dismissal (Doc. 16), which the Court approved on June 11, 2020 (Doc. 17.) The Stipulation of Dismissal was premised upon BLM's March 9, 2020 proposed decision revoking the 2018 decision at issue in this case

and cancelling the grazing permit and associated grazing agreement, which, after an appropriate opportunity for protest and appeal, became final. (Doc. 16.) The parties agreed that because the decision challenged by Plaintiff was revoked, and the permit and associated grazing agreement for the Badger Den grazing allotment had been cancelled, this case had become moot. (*Id.*) The parties further stipulated that Plaintiff would not be precluded from submitting a motion for attorneys' fees. (Doc. 17.)

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 20.) Plaintiff asserts that it is entitled to attorney fees pursuant to the EAJA because it meets all the criteria for such an award, including being the "prevailing party" in the action. (*Id.*) Plaintiff's Motion to Amend/Correct supplements the Motion for Attorney Fees with the Statement of Consultation and Fee Agreement, as required by Local Rule of Civil Procedure 54.2(d)(1)-(2), which Plaintiff had inadvertently omitted in its Motion for Attorney Fees. (Doc. 21.) Defendants do not oppose the Motion to Amend/Correct, but they do oppose the Motion for Attorney Fees, arguing that Plaintiff is not entitled to an award because it was not the "prevailing party" in this action due to the fact that the case concluded with a stipulated dismissal following a voluntary change in agency conduct. (Doc. 22.) In reply, Plaintiff argues that "Defendant's settlement negotiations with Plaintiff resulted in the new proposed decision" and that the Court's Orders granting Defendants extensions of time in which to respond to the Complaint constitute "judicial imprimatur" necessary to confer prevailing party status on Plaintiff. (Doc. 23 at 2-3.)

"For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002); *see also* 28 U.S.C. § 2412(d)(1)(A). A "prevailing party" is one "who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health &*

*Human Res.*, 532 U.S. 598, 603 (2001). A "prevailing party" is further defined as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." Black's Law Dictionary 1145 (7th ed.1999). To qualify as a prevailing party, a litigant must achieve "a material alteration of the parties' legal relationship" that is "judicially sanctioned" or bears "judicial imprimatur." *Buckhannon*, 532 U.S. at 605.

The *Buckhannon* Court explicitly rejected the "catalyst theory," which proposes an award of attorney fees where a plaintiff obtains the relief sought without a judicially sanctioned change in the parties' legal relationship, holding that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." *Id*. As an example, the Court contrasts a plaintiff that has established that its complaint had sufficient merit to survive a motion to dismiss, which would not qualify as a "prevailing party," with a plaintiff that has been granted relief on the merits of its case, explaining that the former "is not the stuff of which legal victories are made." *Id*.

The application of this doctrine to the present dispute is straightforward. The Court did not award Plaintiff relief on the merits of this case, nor did it render judgment in Plaintiff's favor. The fact that Plaintiff ultimately obtained the change in Defendants' conduct that it sought through this lawsuit is not sufficient to make it the "prevailing party" for purposes of an attorney fee award. Indeed, the Supreme Court has explicitly stated that "a defendant's voluntary change in conduct," even if that change accomplishes a plaintiff's goals, lacks the necessary "judicial imprimatur" to confer prevailing party status on the plaintiff. *Id*. Here, Defendants voluntarily changed their conduct to revoke the grazing permit that was the subject of this action and Plaintiff agreed to dismissal as a result. Plaintiff's argument that the Court Orders granting extensions of time for Defendants to respond to the Complaint constitute "judicial imprimatur" is unsupported, and Plaintiff's additional arguments conflict with applicable precedent rejecting the "catalyst theory." Because Plaintiff does not qualify as a "prevailing party" and has

therefore failed to fulfill the first criterion for an award of attorney fees pursuant to the EAJA, the Court need not reach the parties' additional arguments.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend/Correct (Doc. 21) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 20) is **denied**.

Dated this 25th day of August, 2020.

_____
Honorable Rosemary Márquez
United States District Judge